HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| APRIL THOVSON,<br><br>             Plaintiff,<br><br>     v.<br><br>BEHAVIORAL HEALTH RESOURCES,<br><br>             Defendant. | CASE NO. 3:12-CV-05424<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>[DKT. #9] |

THIS MATTER is before the Court on Defendant Behavioral Health Resources' (BHR) Motion to Dismiss [Dkt. #9]. Plaintiff April Thovson started working for BHR in 2004. Her employment relationship with BHR soured around 2007, leading to her termination in 2008. After a successful arbitration, Thovson was reinstated. The relationship remained rocky, culminating in Thovson's resignation in 2009. Thovson sued BHR for breach of contract under the collective bargaining agreement, arguing that BHR retaliated against her for prevailing in a prior arbitration, failed to follow all of the requirements of the earlier arbitration decision, and constructively discharged her through its actions.

BHR argues that Thovson failed to (1) exhaust the grievance procedures in the collective bargaining agreement, (2) allege that the union breached its duty of fair representation, and (3)

file her claim within the applicable limitations period.  For the reasons stated below, BHR's Motion to Dismiss is GRANTED.

## I.   BACKGROUND

In 2004, Thovson began working as a Designated Mental Health Professional for South Sound Medical Health Services, which eventually merged with BHR.  Her employment was covered by a collective bargaining agreement between Service Employees International Union Healthcare and her employer.  Thovson seemed to have a good working relationship with BHR for the first three years of her employment, and at one point, she was the company's employee of the month. (Compl. at 3.)  The relationship soured in 2007.  A series of incidents that year resulted in Thovson's termination in January 2008.[1]

A week after her termination, Thovson filed a grievance under the collective bargaining agreement that covered her employment.  (Compl. at 6.)  The grievance process led to an arbitration..  On July 25, 2009, the arbitrator ruled that BHR breached the CBA in terminating Ms. Thovson, finding that the allegations that led to Thovson's termination were  not accurate. (Compl. at 6).  The arbitrator directed BHR to reinstate her, to ensure she was supported upon her return, and to pay her wages owed.

Thovson returned to work on September 1, 2009.  (Compl. at 7.)  At the end of September, Thovson discovered that a colleague had falsely reported that Thovson did not arrive at her shift on time, and that the colleague stayed late to cover.  (Compl. at 8.)  In early November, 2009, Thovson's supervisor, Ian Harrel, requested that Thovson meet with him for "performance counseling."  (Compl. at 8.)  Thovson asked Harrel if he had read the arbitrator's

---

[1] These incidents include a patient's assault on Thovson (Compl. at 3), a letter from Thovson's attorney to BHR about ethical concerns (Compl. at 3) a complaint from a colleague (Compl. at 4), a disagreement between Thovson and a colleague about the mental health of a patient (Compl. at 4), and an internal investigation (Compl. at 5).

decision, and he replied that he did not see any reason to treat Thovson differently from any other employee. At the end of November, Thovson met with the Arbitrator because of the colleague's false report and BHR's failure to pay her medical expenses. (Compl. at 8.)

In early January 2010, he provided a copy of Thovson's job description to her and informed her that she was failing to perform three job requirements. (Compl. at 9.) At the end of January, he verbally warned Thovson of "several ongoing performance issues." (Compl. at 9.) A month later, he provided Thovson with a written warning. The warning stated that Thovson was failing to perform nine of her job requirements. (Compl. at 9.)

On March 4, 2010, Thovson's union representative wrote a letter to BHR informing them that, on Thovson's behalf, it was grieving the written warning and the corrective action. (Compl. at 9.) The union argued that BHR was retaliating against Thovson for prevailing in arbitration. (Compl. at 10.) After a brief period of sick leave, Thovson returned to an "increasingly negative" work environment. (Compl. at 10.) BHR placed her on indefinite administrative leave; she received a negative performance evaluation; and she was continuously subjected to disciplinary meetings. At the end of April, Thovson injured her foot and had to commence a six-week sick leave. (Compl. at 10.) On the day she was set to return to work, BHR placed her on an unpaid suspension. (Compl. at 11.) BHR allowed Thovson to return to work eight days later, but insisted she complete a series of tasks designed to test her knowledge about her duties. (Compl. at 11.)

In early July 2010, BHR and the union mediated the union's retaliation grievance. (Compl. at 12.) Thovson and her union representative concluded that BHR was not willing to address Thovson's grievance during the mediation, Thovson concluded that "any further attempts on her part to resolve the grievance would be futile." (Compl. at 12.) At the end of the

mediation, Thovson resigned.  The next step in the grievance process would have been arbitration, but Thovson's resignation terminated the process.

On May 23, 2012, Thovson filed this lawsuit against BHR alleging it breached the collective bargaining agreement in violation of Section 301 of the Labor Management Relations Act. (Compl. at 13.)  BHR moves to dismiss, arguing that Thovson (1) failed to exhaust her grievance procedures, (2) failed to claim the union violated its duty of fair representation, and (3) failed to file within the statute of limitations.  Thovson responds that further exhaustion would have been futile, that she does not have a claim against the union, and that her claim was timely filed.

## II.  ANALYSIS

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(b)(6) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3f 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).  This requires a plaintiff to plead "more

than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

BHR argues that Thovson fails to state a claim for three independent reasons: (1) she failed to exhaust the grievance procedure in the collective bargaining agreement; (2) she failed to allege that the union breached its duty of fair representation; and (3) her claim is time barred. For the reasons discussed below, the Court finds that Thovson failed to exhaust the grievance procedure in the collective bargaining agreement. Because the Court dismisses the case with prejudice based on the failure to exhaust, the Court does not reach the other arguments.

Under Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Usually, the union sues an employer on behalf of the employee, but Section 301 allows an employee to sue an employer directly in some circumstances. *Smith v. Evening News Ass'n*, 371 U.S. 195, 200 (1962). An employee generally "may not bring an action for breach of the collective bargaining agreement unless he has exhausted the contractual grievance procedures." *Jackson v. S. California Gas Co.*, 881 F.2d 638, 646 (9th Cir. 1989).

When pursuing a breach of contract claim under § 301, the plaintiff must adequately exhaust of the grievance procedures set forth in the collective bargaining agreement. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). There are three exceptions to the exhaustion requirement: (1) the employee's use of the procedure would be futile; (2) the employer's conduct repudiates contractual remedies; and (3) the union's actions breach its duty of fair representation. *See Vaca v. Sipes*, 386 U.S. 171, 185 (1967); *see also Glover v. St. Louis-San Francisco R.R. Co.*, 393 U.S. 324, 330 (1969). Thovson argues that

further use of the procedure was futile and that the employer's conduct repudiated the contract. She does not argue that the union breached its duty of fair representation.

Thovson argues that it would have been futile to arbitrate her claim because BHR had already failed to fully implement her prior arbitration award, and had refused to negotiation during the pre-arbitration mediation. BHR argues that the process was able to rectify her claims and that BHR processed the grievance, but Thovson did not continue to try. Additionally, BHR argues that its "alleged unwillingness to rectify her grievance during a pre-arbitration meeting does not make the process legally futile because a neutral arbitrator is the ultimate decision maker in the process." (Reply at 4.)

Exhaustion is futile when there is collusion, it is against the union's interest to represent the grievance, or something about the grievance process makes it unfair in the situation. *See Glover*, 393 U.S. at 331 (concluding the procedure would be futile if the bargaining representatives were acting in concert with the employer); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 511 (9th Cir. 1978) (concluding that a requirement of exhaustion would be futile because the union had already asserted a position contrary to the one the employees asserted); *Dean v. Trans World Airlines, Inc.*, 924 F.2d 805, 810 (9th Cir. 1991) (concluding that exhaustion was futile when the union had ignored all of the employees repeated complaints).

Thovson cites no authority for the proposition that an employer's past reluctance to implement the entire arbitration award or an employer's failure to make concessions during voluntary mediation make *all* of the grievance procedures futile. Even assuming the facts as alleged, Thovson fails to establish a reasonable inference that exhaustion would be futile. With the exception of Thovson's legal conclusion that "further attempts on her part to resolve the grievance would be futile," Thovson's complaint says nothing about the futility of the process.

1 | There is no indication that the union would have stopped representing the grievance, even if the
2 | union had to sue the employer under Section 301. If Thovson continued to experience problems,
3 | each problem should have been its own grievance under the grievance procedure. It is not
4 | enough for an employee to allege that the pre-arbitration mediation convinced her of the futility
5 | of continuing on to the final arbiter.
6 |   Second, Thovson argues that BHR repudiated the grievance process through its conduct.
7 | Specifically, Thovson points to BHR's failure to negotiate during mediation and its past failure
8 | to implement the prior arbitration award (the same conduct that Thovson argued made the
9 | grievance process futile). BHR argues that there is no allegation that BHR abandoned the
10 | grievance procedure or refused to process the grievance. In fact, when Thovson quit her job, the
11 | parties were actively involved in the grievance process. The requirement for exhaustion based
12 | on repudiation is excused "only if the employer repudiates the specific grievance procedures
13 | provided for in the CBA." *Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 899 (9th Cir. 2002). In *Sidhu*,
14 | the court determined the employer repudiated the process when it repeatedly took the position
15 | that "the grievance procedures did not govern the dispute." *Id*.
16 |   Thovson fails to allege any BHR conduct that amounts to a repudiation of the grievance
17 | procedures. Thovson acknowledges that BHR processed her latest grievance and that BHR was
18 | currently involved in the grievance procedures. Even if BHR did not implement the prior
19 | arbitration award to her satisfaction, Thovson has not demonstrated that she had no process
20 | available to her to address BHR's failure to implement the award. There is no evidence that any
21 | failure to implement the award would not be a legitimate issue subject to additional proceedings
22 | under the Collective Bargaining Agreement. Thovson simply does not allege facts that support
23 | an inference that BHR is unwilling to participate in or follow the grievance procedures.
24 |

Thovson argues that even if she has failed to state a claim, the correct action is to grant leave to amend the complaint instead of dismissal. Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988).

Based on the union's continued representation of Thovson and the fact that BHR was currently involved in the grievance process, Thovson has not—and cannot—allege any additional facts that would lead to a determination that further use of the process would be futile or that BHR repudiated the grievance procedures. As a matter of substantive law, Thovson failed to exhaust her grievance procedure, and dismissal of this action is required.

### III. CONCLUSION

BHR's Motion to Dismiss [Dkt. #9] is GRANTED. Plaintiffs' claims against it are DISMISSED with prejudice.

Dated this 1st day of October, 2012.

                                                               Ronald B. Leighton
                                                               United States District Judge